CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN BENJAMIN,<br><br>      Plaintiff,<br><br>vs.<br><br>JAMES A. WEST, P.C., DOES I-V inclusive, and ROE Corporations VI-X, inclusive,<br><br>      Defendants. | CASE NO.: 2:11-cv-1043<br><br>**COMPLAINT**<br>**&**<br>**EIGHT PERSON JURY DEMANDED** |

### PRELIMINARY STATEMENT

1. This is a claim for actual and statutory damages brought by the named plaintiff, STEVEN BENJAMIN (hereinafter referred to as "Plaintiff" or "Benjamin"), against Defendant JAMES A. WEST, P.C.'s (hereinafter "JAW" or "Defendant") of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq.*, and Nevada Revised Statutes (hereinafter "NRS"), Chapters 598 et seq., and 649 et seq., as amended, and common law torts (hereinafter "State Acts"), all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d), 15 U.S.C. §1681(p), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367. Venue in this District is proper because Plaintiff resides in Nevada and Defendant's collection communications and acts occurred in Nevada and Defendant does or transacts business in Nevada.

## PARTIES

3. Benjamin is a natural person who resides in Nevada and is a "consumer" as that term is defined by 15 U.S.C.§ 1692a(3).

4. Benjamin allegedly owes a (past-due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) and NRS 649.010.

5. JAW is a collection agency operating from an address of 6380 Rogerdale Road, Suite 130, Houston, Texas 77072, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  JAW is not licensed as a collection agency in Nevada.

6. The mails and interstate wire communications are used to conduct the business of JAW.

7. Benjamin is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such fictitious names.

8. Benjamin is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

9. Benjamin prays leave to insert said Defendants' true names and legal capacities when ascertained.

10. At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

11. Benjamin is informed and believes and thereon alleges that at all times

1 mentioned herein each of the Defendants sued herein was the owner, partner,
2 shareholder, manager, officer, director, agent, servant, and employee of his, her or its
3 co-Defendants and in doing the things hereinafter mentioned was acting in the scope of
4 his, her or its authority as such owner, partner, shareholder, manager, officer, director,
5 agent, servant and employee, and with the permission, consent and/or ratification of
6 his, her or its Defendants; and that each of said fictitiously named defendants, whether
7 an individual, corporation, association or otherwise, is in some way liable or responsible
8 to the Plaintiffs on the facts hereinafter alleged, and caused injuries and damages
9 proximately thereby as hereinafter alleged.

10    12.   All conduct of JAW and/or Doe and/or Roe Corporation Defendants as
11 alleged herein was on each other's behalf, within the course and scope of agency each
12 for the other; each was alter ego for the other and/or was in a partnership or joint
13 venture with the other, and all conduct of each was within the course and scope of that
14 agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction
15 should be disregarded.

**FACTUAL ALLEGATIONS**

17    13.   Benjamin repeats, realleges and incorporates by reference paragraphs one
18 through twelve, inclusive, above.

19    14.   Starting in or about June 24, 2010, JAW initiated a campaign of abusive,
20 unfair, unreasonable and unlawful debt collection activity directed against Benjamin,
21 who lives in Henderson, NV.

22    15.   On or after June 25, 2010, Benjamin received a collection letter from JAW.
23    16.   Upon receipt of Defendant's letter, Benjamin opened and read it.
24    17.   The letter demanded payment of a consumer debt allegedly owed by
25 Benjamin, in the amount of $3,401.74.
26    18.   Benjamin is informed and believes, and on that basis alleges, that the
27 letter he received on or after June 25, 2010 is the initial debt collection letter from
28 Defendant.

- 3 -

## CLAIMS FOR RELIEF

### COUNT ONE
### Violations of Federal Fair Debt Collection Practices Act

19. Plaintiff repeats, realleges and incorporates by reference, paragraphs one through eighteen, inclusive, above.

20. Defendant's collection letter, which only provides: "Current Balance: $3,401.74" fails to break out the amount of interest, charge, fee or expense incidental to the principal obligation ("incidental charges") that had been added to the principal of the debt by the creditor before receipt of the item of collection from the interest added to the principal of the debt by the Defendant, in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), 1692f(1), 1692g(a)(1), and NRS 649.375(2).

21. Defendant's collection letter, which only provides: "Current Balance: $3,401.74" attempts to collect incidental charges without first breaking out these incidental charges in violation of 15 U.S.C. §§ 1692e(2), 1692e(5), 1692f(1), 1692g(a)(1), and NRS 649.375(2).

22. Defendant's violations of 15 U.S.C. §§ 1692e, f and g render it liable to Benjamin.

23. Defendant also used false representations and deceptive means to collect a debt allegedly due to another in violation of 15 U.S.C. § § 1692e *et seq.*, rendering it liable to Benjamin.

24. Defendant also used unfair or unconscionable means to collect a debt allegedly due to another in violation of 15 U.S.C. § 1692f, rendering it liable to Benjamin.

25. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Defendant is liable to Benjamin.

26. As a direct and proximate result of Defendant's violations of the FDCPA, Benjamin has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment.

- 4 -

27. As a result of the above violations of the FDCPA, JAW is liable to Benjamin for his actual damages, statutory damages, costs and attorney fees.

## COUNT TWO
### Violation of State Acts

28. Plaintiff repeats, realleges and incorporates by reference paragraphs one through twenty-seven, inclusive, above.

29. Defendant's violations of the state Acts include, but are not limited to, the following: NRS Chapters 598 et seq., and 649 et seq., by using any device, subterfuge, pretense or deceptive means or representations to collect any debt.

30. NRS 598 (deceptive trade practices) and 649 (collection agency practices), in tandem, allows a state claim for deceptive trade practices where the collection agency engages in harassing tactics, which has been defined in NAC 649.150 as "a violation by any collection agency or collection agent of any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive" (i.e., the FDCPA).[1]

---

[1] N.R.S. 41.600 allows for an action by victims of fraud. It states in pertinent part:
    1. An action may be brought by any person who is a victim of consumer fraud.
    2. As used in this section, "consumer fraud" means:
        * * *
    (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
NRS 598.0923(4) defines deceptive trade practices as conducting a business by using "coercion, duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS 598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a transaction."
Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS 598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices actionable at common law or defined as such in other statutes in this state (emphasis added)." NRS 649.375(5) pertains to prohibited acts of collection agencies. It states, in pertinent part, that a collection agency "shall not ... engage in any conduct that constitutes harassment as defined by regulations adopted by the commissioner."
The regulations can be found in NAC 649.150, which states that:
    The commissioner of financial institutions will consider *a violation by any collection agency or collection agent of*

- 5 -

31. In addition, Defendant's acts and omissions violated NRS 649.370 (Violation of federal Fair Debt Collection Practices Act), NRS 649.375(1), (2) and (5) (Prohibited practices), and NRS 649.375(2).

32. Defendant acted in bad faith and unfairly with the intent to deprive Plaintiff of his rights or property. Furthermore, Defendant knew of the probable harmful consequences of its wrongful acts and engaged in a willful and deliberate failure to act to avoid those consequences.

33. As a result of the above acts and omissions, Benjamin has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative, harmful emotions, and is entitled to his actual damages, statutory damages, exemplary damages, fees and costs.

**DEMAND FOR JURY TRIAL**

34. Please take notice that Benjamin demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays, that this Court grant the following relief in his favor, and that judgment be entered against JAW for the following:

---

*any of the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, as those sections existed on July 1, 1986, to be an act or omission inconsistent with the faithful discharge of the duties or obligations of a collection agency or collection agent* and grounds for the suspension or revocation of the license of the collection agency or collection agent. [Banking Div., Harassment in Debt Collection Reg., eff. 1-17-79]—(NAC A by Admstr. of Financial Institutions, eff. 6-29-84; A by Comm'r of Financial Institutions, 5-19-88) (Emphasis added.)

Thus, a judgment finding Defendants violated any of the provisions of the FDCPA, would also establish that it engaged in harassing conduct toward Plaintiff, which is the basis of this claim for relief.

Moreover, such acts would also be considered in violation of 15 U.S.C. §1692f, and therefore, a violation of NRS 649.375(5). 15 U.S.C. §1692f states, in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

(1) For statutory damages;

(2) For actual damages;

(3) For exemplary damages;

(4) A declaration that Defendant's letter which Plaintiff received violates the FDCPA;

(5) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 23rd day of June 2011.

Respectfully submitted by:

/s/ Craig B. Friedberg, Esq.
4760 South Pecos Road, Suite 103
Las Vegas, Nev. 89121
Attorney for Plaintiff